UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60644-LEIBOWITZ

**BASF CORPORATION**,

    *Plaintiff*,

v.

**CRUNCH COLLISION LLC**,

    *Defendant.*
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff BASF Corporation's ("BASF") Motion for Default Judgment against Defendant Crunch Collision LLC ("Crunch Collision") [ECF No. 20] (the "Motion"), filed on October 9, 2024. Despite BASF's service of process on Crunch Collision on July 30, 2024 [ECF No. 10], Crunch Collision has failed to appear in this action and failed to timely respond to BASF's complaint or this Motion. For the foregoing reasons, the Motion is GRANTED.

## BACKGROUND

On January 21, 2021, BASF, a corporation in the business of selling paints and other "Refinish Products," and Crunch Collision, a Florida limited liability company and autobody shop, entered into a "Requirements Agreement" by which Crunch Collision was required to purchase a minimum of "$643,613.00 of Refinish Products" from BASF Glasurit and RM Refinish Products. [Compl., ECF No. 1 ¶¶ 1, 2, 5, 6, 11, 12]. This agreement, signed by Wayne Corts, Crunch Collision's sole member, specified that it was to governed by and construed under the laws of the State of Michigan. [*Id.* ¶ 2; Requirements Agreement, ECF No. 20-1 at 7, 9].

Pursuant to the Requirements Agreement, BASF paid Crunch Collision $95,000 and made available certain equipment for Crunch Collision's use, both in consideration for it satisfying its obligations under the agreement. [Compl. ¶¶ 13, 14]. If the Requirement Agreement were terminated for any reason prior to Crunch Collision fulfilling its obligations, Crunch Collision would be required to return any equipment to BASF and refund the consideration paid to them according to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund and Equipment Value Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

[*Id.* ¶ 15; ECF No. 20-1 at 7].

In January 2024, Crunch Collision terminated the Requirements Agreement by selling its business location and ceasing to purchase Refinish Products prior to fulfilling its minimum purchases requirement of $643,613 and failed to refund the consideration to BASF. [Compl. ¶ 17]. At the time of Crunch Collision's termination of the agreement, it had purchased only $137,769 in products, leaving a balance due of $505,844. [*Id.* ¶ 18]. Under the agreement, Crunch Collision owed BASF back 95% of the consideration it paid, or $90,250, but failed to pay this amount to BASF. [*Id.* ¶¶ 19, 20]. Crunch Collision additionally failed to return the equipment to BASF or pay BASF $18,569 for the value of the equipment. [*Id.* ¶ 21].

**LEGAL STANDARD**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court is authorized to enter a final judgment of default against a party who has failed to respond to a complaint. *See* Fed. R. Civ. P. 55(b)(2). The entry of default constitutes an admission by a defendant of the well-pleaded allegations in the complaint. *See Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-cv-61123, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005)). However, a defendant's default "does not in itself warrant . . . entering a default judgment." *Goldman v. HSBC Bank USA, Nat'l Ass'n*, No. 13-cv-81271, 2015 WL 1782241, at *1 (S.D. Fla Mar. 24, 2015) (alteration in original; internal quotation marks omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]").

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims[,] and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs.*, LLC, No. 19-cv-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021) (citing *Nishimatsu*, 515 F.2d at 1206), *report and recommendation adopted*, No. 19-cv-61358, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021). Thus, prior to entering a default judgment, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v.*

*Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Where a complaint fails to state a claim, a default judgment on the complaint may not stand. *United States v. Kahn*, 164 F. App'x 855, 863 (11th Cir. 2006).

Once liability is established, the court turns to the issue of relief. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter, Fed. R. Civ. P. 55(b)(2). If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed. R. Civ. P. 55(b)(1)–(2); *Eisler v. Stritzler*, 535 F.2d 148, 153–54 (1st Cir. 1976). A court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *In re Liquid Toppings Dispensing Sys. ('447) Pat. Litig.*, No. 1:18-md-02832-KMM, 2021 WL 1053279, at *1 (S.D. Fla. Feb. 18, 2021) (citing *Holtz v. Bagel Mkt., Inc.*, No. 12-cv-62040, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors*, 777 F.2d at 1543–44)).

## DISCUSSION

BASF brings three counts against Crunch Collision: (1) breach of contract, (2) unjust enrichment, and (3) Declaratory Relief. The Motion addresses only breach of contract, unjust enrichment, and the appropriate amount of damages owed to BASF. Accordingly, this Court will address those issues in turn.

### A. Breach of Contract

Plaintiff alleges a straightforward breach-of-contract claim in which Crunch Collision breached an enforceable contract by failing to purchase $643,613 of Refinish Products despite BASF's consideration paid to Crunch Collision in the form of $95,000 and equipment. Based on the facts pleaded in the Complaint, Plaintiff successfully makes out a claim for breach of contract.

"To prevail on a claim for breach of contract, a plaintiff must establish . . . that '(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach.'" *Rochlani v. Aaron*, No. 336651, 2018 WL 4209001, at *2 (Mich. Ct. App. Sept. 4, 2018) (citing *Bank of Am., NA v. First Am. Title Ins. Co.*, 878 N.W.2d 816, 829 (2016)). To establish that a contract existed under Michigan law, "Plaintiff must show that: (1) the parties are competent to contract, (2) there is a proper subject matter, (3) a bargain of exchange was formed, (4) a mutual assent of agreement existed, (5) and a mutual assent of obligation existed." *BASF Corp. v. World Class Collision, LLC*, No. 21-cv-14308, 2022 WL 2402844, at *3 (S.D. Fla. June 7, 2022), *report and recommendation adopted*, No. 21-cv-14308, 2022 WL 2402008 (S.D. Fla. July 4, 2022) (citing *Hess v. Cannon Twp.*, 696 N.W.2d 742, 748 (Mich. Ct. App. Mar. 31, 2005).

Plaintiff has shown that both parties were competent by providing the signed contract as Crunch Collision's sole member, Wayne Corts, signed the Requirements Agreement on behalf of Crunch Collision and Plaintiff is a competent party because it is a corporation engaged in the business of selling Refinish Products. *See id.* BASF has shown a proper subject matter because the agreement states that Crunch Collision would purchase BASF Refinish Products in Exchange for monetary compensation from BASF and access to BASF equipment, additionally

demonstrating consideration. *See id.* The contract shows mutual assent of both agreement and obligation via Wayne Corts's signature on behalf of Crunch Collision, binding it to the terms of the contract. *See id.*

Having established that a contract existed, it is clear to this Court that BASF has pleaded sufficient facts to find that Crunch Collision breached the Requirements Agreement. Crunch Collision failed to purchase sufficient quantities of Refinish Products under the Requirements Agreement and then failed to refund 95% of the consideration ($90,250) to BASF as it agreed to in the Requirements Agreement. BASF alleged that Crunch Collision purchased only $137,769 of Refinish Products, far short of the $643,613 that it agreed to purchase. These allegations, taken as true, clearly establish that Crunch Collision breached the Requirements Agreement. Accordingly, this Court grants default judgment on Count I in favor of BASF.

### B. Unjust Enrichment

To prove unjust enrichment, the plaintiff must show "(1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Custom Pack Sols., Inc. v. Great Lakes Healthcare Purchasing Network, Inc.*, No. 334815, 2018 WL 1020671, at *4 (Mich. Ct. App. Feb. 22, 2018) (citing *Bellevue Ventures, Inc v. Morang–Kelly Investment, Inc.*, 836 N.W.2d 898 (2013)).

The well-pleaded facts in the Complaint similarly establish that BASF's unjust enrichment claim is meritorious. BASF provided Crunch Collision with both the consideration ($95,000) and equipment, valued at $18,569, obviously establishing a benefit conferred from BASF to Crunch Collision. Crunch Collision's retention of the consideration and the equipment despite Crunch Collision's failure to fulfill its minimum purchase requirement evidences an inequity to BASF which paid Crunch Collision yet did not receive the benefit of their bargain.

*See BASF Corp.*, 2022 WL 2402844, at *4. Thus, the Complaint's allegations plainly establish a claim of unjust enrichment and default judgment is granted on Count III.

### C. Damages

"If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount." *Fernandez de Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1830805, at *2 (S.D. Fla. Jan. 10, 2018), *report and recommendation adopted sub nom. De Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1811945 (S.D. Fla. Feb. 9, 2018). "Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Id.*

"Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should take place. In issuing a default judgment, a court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation, as long as all essential evidence is already of record. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, *i.e.*, from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." *BASF Corp.*, 2022 WL 2402844, at *4 (citations and internal quotation marks omitted) (citing *SEC v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) and *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. Dist. Ct. App. 1983)).

An evidentiary hearing is not required because the record reflects the basis for BASF's requested damages award. Simply put, BASF is entitled to the benefit of its bargain. Thus, BASF is entitled to $92,500 as a consideration refund, $18,569 for the value of the equipment

provided to Crunch Collision, and $505,844 for the remaining purchase requirement. In total, BASF is entitled to collect $616,913.00 in damages from Crunch Collision.

BASF also seeks to recover $527.50 in costs, which represents the service of process fees. [ECF No. 20-2 at 2]. Service of process fees are recoverable costs for prevailing parties under 28 U.S.C. § 1920. *See BASF Corp.*, 2022 WL 2402844, at *5; *Maersk Line A/S v. Rapid Tow*, LLC, No. 19-cv-23585, 2019 WL 11506029, at *4 (S.D. Fla. Dec. 13, 2019), *report and recommendation adopted*, No. 19-cv-23585, 2020 WL 7492336 (S.D. Fla. Jan. 8, 2020). BASF has attached proof of its service of process costs via a sworn declaration of Daniel C. Johnson, receipts, and invoices. [*See* ECF No. 20-2]. Accordingly, costs totaling $527.50 shall be awarded to BASF.

Thus, in sum, BASF is entitled to an award of $617,440.50.

## CONCLUSION

For the reasons stated above, BASF is entitled to a default judgment against Defendant Crunch Collision. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 20**] is **GRANTED**. Plaintiff BASF Corporation is entitled to an award of $617,440.50 in damages and costs. The Clerk of Court is directed to **CLOSE** this case and any pending motion is **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on November 13, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record